UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Linda s. Allen, | ) | |
|       Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-1261 |
| | ) | |
| John E. Potter, Postmaster General, | ) | |
|       Defendant | ) | |

**OPINION**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the court is the motion by Defendant for summary judgment (#9). I have carefully considered the arguments and evidence submitted by the parties. As explained more fully below, the motion is GRANTED.

**PROCEDURAL BACKGROUND**

The Plaintiff is proceeding *pro se*. She has been notified, by both the Defendant and by the Clerk of this Court, of her obligation to respond properly to this dispositive motion. See, Defendant's Motion for Summary Judgment (Doc. #9, p.1) and Notice re filing of summary judgment motion. (Doc. #12). Plaintiff's initial response to the Motion was to seek a continuance in order to obtain an attorney. On the same date that Motion was filed, she filed a Response to the Motion for Summary Judgment.

Her motion to continue was granted to a limited extent: she was given a short continuance to find an attorney. See Text Order of 9/1/09. That Order noted, however, that a longer continuance was not allowed, because she had proceeded for over 2 years without counsel and without seeking counsel. The Order also noted that if Plaintiff did not retain counsel, the Response she had filed

would stand as her response to the summary judgment motion. Plaintiff did not obtain counsel, but instead of letting her Response stand, she has continued to file evidence (i.e. affidavits) in support of her Response. See Docs. #15 and 16.

As a side note, this is not the Plaintiff's first lawsuit against her employer. She has litigated two previous lawsuits in this Court. In case 98-1238, Allen was represented by counsel; she sought to litigate numerous (by Defendant's count, about 130) allegations of perceived discriminatory treatment, most dealing with denial of overtime. Summary judgment was granted in favor of the Defendant; the Seventh Circuit affirmed in an unpublished opinion, Allen v. Potter, Case No. 03-3618, Sept. 8, 2004 (7th Cir.).

In case 04-1262, Allen, represented by counsel, sued again, this time alleging that denial of two overtime opportunities was discriminatory or retaliatory. Once again, summary judgment was entered in favor of Defendant. The Order granting summary judgment held in part that the loss of two overtime opportunities did not constitute an adverse employment action. That case was not appealed.

In the case now before this Court, Allen's complaint states that the issue is whether the Postal Service "discriminated against plaintiff on the basis of race (African-American), sex - female, retaliation and hostile work environment when on Sunday, May 2, 2004, she was denied 8 hours of penalty overtime by white managers, Mike Gaa...and Jerry Redshaw..." Her claim is that her direct supervisor had assigned her to work those hours, but Gaa and Redshaw changed the schedule. She believes that they did so for improper purposes.

**Discovery Issues and Preliminary Matters**

On December 24, 2008, Defendant served on Plaintiff written discovery. The Interrogatories sought information about the facts that are alleged, such as factual details and the names of witnesses and other participants. Defendant's Request for Production of Documents sought eleven categories of documents, including all documents relating to any EEO complaints she filed regarding the issues raised in this litigation, any notes Plaintiff made, any documents that Plaintiff intended to use at trial, and any documents relative to her claim that denial of annual leave was discriminatory, hostile, or retaliatory. The Request also sought a computation of damages.

Allen did not respond to the written discovery within the 30 days allowed by the Federal Rules, although she admits that she received the discovery (See Doc.#13, response to Defendant's Statement of Undisputed Facts #4). On February 25, 2009, defense counsel sent Allen a letter reminding her that she had 30 days to respond to the discovery and requesting prompt compliance. Allen neither responded to the discovery nor answered the letter.

Allen should have provided this information to Defendant as part of the disclosures mandated under Fed.R.Civ.P. 26(a)(1). This Rule requires a party to disclose, without awaiting a request from the opposing party, the identity of all witnesses, along with a summary of the subject of their information; a copy of documents that will be used to support the party's position; and a computation of damages. Fed.R.Civ.P. 26(a)(1)(A). Her failure to provide this information means that she "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

Although Allen is proceeding *pro se*, *pro se* plaintiffs are obligated to comply with the requirements of the Federal Rules and with the local rules of the various courts. As the Supreme

3

Court has held, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980). See also, McMasters v. U.S., 260 F.3d 814, 817 (7th Cir. 2001); Myles v. U.S., 416 F.3d 551, 552 (7th Cir. 2005). At no time in her Response to the motion for summary judgment - which clearly raised this issue - did she offer any sort of substantial justification for her failure to respond, nor can it be said that her failure was harmless. Defendant still has none of the information that Plaintiff was obligated to provide voluntarily. As a result, the Court will disregard any portions of her belatedly-filed Affidavits which rely on information that should have been provided as part of mandatory disclosures or in response to written discovery.

In addition to the written discovery served in December of 2008, Defendant sent to Allen Requests for Admission on February 25, 2009. These Requests were accompanied by a cover letter advising that "[i]f you fail to deny the Request for Admission within the 30 day period the requests will be deemed admitted." The Request itself contained the following notice: "Plaintiff is cautioned that under Rule 36, a matter is deemed admitted unless it is denied within 30 days after service of the requests." Allen failed to respond in any way to the Request to Admit.

Rule 36 of the Federal Rules of Civil Procedure states in pertinent part:

A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

Fed.R.Civ.P. 36(a)(3). Under this Rule, the effect of Allen's failure to respond to the Request to Admit is that the matters set forth in the Request are deemed admitted facts.

4

Rule 36 also provides a method for withdrawing an admission, Fed.R.Civ.P. 36(b), but Allen has not expressly sought to withdraw her admissions. Instead, in her Response to Defendant's motion for summary judgment, she denied knowledge of the letter and Requests for Admission that were served on February 25. (See Response, Doc. #13, p.4, ¶ 6-9). Her purported lack of knowledge is at best disingenuous, given her failure to comply in all other ways with her discovery obligations under the Federal Rules. Nonetheless, because Defendant did not file a Notice of Service of discovery documents to establish conclusively that the Requests had been served, this raises a question of credibility that cannot properly be resolved in this Order. The Court will not deem the facts asserted in the Requests for Admission to have been admitted.

As part of her Response to the Defendant's summary judgment motion, Allen filed a motion to strike Defendant's statement of undisputed facts. She asserts that some of those facts are not material because they constitute a "procedural history of the case." She also asserts that some of those facts are "known to be disputed." She argues that, for those two reasons, Defendant's Statement is not in compliance with this Court's Local Rule on summary judgment motions and should therefore be stricken.

The motion to strike is denied. First and foremost, as discussed further below, Allen has no evidence to support many of her factual assertions, based on her failure to disclose information to Defendant. The end result is that she is relying only on the allegations contained in her complaint. At summary judgment stage, however, the responding party may not simply rest on allegations; those allegations must be supported by significant probative evidence. First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 290 (1968). If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party and on which that party will

bear the burden of proof at trial, then summary judgment is proper. Celotex, 477 U.S. 317, 322 (1986); Waldridge, 24 F.3d 918, 920 (7th Cir, 1994). The "Undisputed Facts" stated by Defendant are in large part, therefore, truly undisputed.

Second, the procedural history of this case and Allen's preceding cases - and the holdings of the Courts that decided those cases - are material to this litigation. Her unsupported assertion to the contrary is without merit. Moreover, a party responding to a Statement of Material Fact is explicitly allowed to designate certain facts as "immaterial." That procedural remedy takes care of any concern of materiality; striking the Statement or the Motion is entirely unnecessary.

Allen's criticism of Defendant's Statement of Fact is particularly spurious considering that her own Response to Defendant's summary judgment motion does not comply with the same Local Rule on which she relied. That Local Rule provides that a response to a summary judgment motion "shall include" the following section:

> List by number each fact from Section B of the motion for summary judgment which is claimed to be disputed. Each such claim of disputed fact *shall be supported* by evidentiary documentation referenced by specific page. Include as exhibits all cited documentary evidence not already submitted by the movant.

CDIL Local Rule 7.1D [emphasis added]. Although Allen does go through each of Defendant's statements and responds to each of them, she provides no citation whatsoever to the record for those statements she "disputes."

As the Seventh Circuit has explained, "[D]istrict courts ... may adopt local rules reasonably designed to streamline the resolution of summary judgment motions."Herman v. City of Chicago, 870 F.2d 400, 404 (7th Cir.1989). See also, Bell, Boyd & Lloyd v. Tapy, 896 F.2d 1101, 1103- 04 (7th Cir.1990); L.S. Heath & Son, Inc. v. AT & T Info. Sys., Inc., 9 F.3d 561, 567 (7th Cir.1993). In Greer v. Bd. of Education, 267 F.3d 723 (7th Cir. 2001), the Court of Appeals upheld entry of

summary judgment against a *pro se* plaintiff who had failed to comply with the local rule requiring non-movant to admit or deny each factual statement proffered by the movant and to designate material facts in dispute. The Court of Appeals commented that a lawsuit is not "a game of hunt the peanut. Neither appellate courts nor district courts are obliged in our adversary system to scour the record looking for factual disputes." The Seventh Circuit concluded that, even without any other shortcoming, the plaintiff's failure to comply with the local rule would have supported entry of judgment against him.

In summary, Plaintiff's repeated and knowing disregard for her obligations under the Federal Rules of Civil Procedure and the Local Rules of this Court has had a negative effect on her case. She has no one to blame for that result but herself.

## DISCUSSION

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be entered if and only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Jay v. Intermet Wagner Inc., 233 F.3d 1014, 1016 (7th Cir.2000); Cox v. Acme Health Serv., 55 F.3d 1304, 1308 (7th Cir. 1995).

The parties must identify the evidence (i.e. those portions of the pleadings, depositions, answers to interrogatories, admissions, affidavits, and documents) that will facilitate the court's assessment. Waldridge, 24 F.3d at 922. Thus, as Fed.R.Civ.Proc. 56(e) makes clear, a party opposing summary judgment may not rely on the allegations of her pleadings. Rather:

> [T]he adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

See, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). See also, Local Rule CDIL 7.1(D).

This suit centers around Linda Allen's claim that she was deprived of 8 hours of penalty overtime. "Penalty overtime" entitles the employee to double time, or twice the usual hourly wages; regular overtime is time and a half. The governing labor-management agreement provides a number of situations in which penalty overtime is mandated. One of those situations involves an employee who works both of her days off during a work week. Opportunity to work overtime is rotated among willing employees; if no one is willing, then forced overtime can be implemented.

In May of 2004, Linda Allen was a mail processing clerk in the Tour 3 Automation Section. She had two line supervisors, Randy Hart and Michael Gaa. Both Hart and Gaa reported to their supervisor Jerry Redshaw[1]. Hart scheduled Allen, who was on the "overtime desired list" to work on Sunday, May 2, 2004. This would have entitled her to penalty overtime, because she had already worked overtime on one of her days off.

Before May 2, Gaa reviewed the schedule and noted the penalty overtime in Allen's schedule. There were other employees available who could do the same work at regular or time and a half pay. He consulted his supervisor, Redshaw, who agreed to rework the schedule. Allen's penalty overtime hours were eliminated. On May 2, 2004, no one worked penalty overtime. According to Gaa, Hart and Redshaw, the only reason Allen's schedule was changed was to eliminate expensive penalty overtime, a purely business decision.

---

[1]Plaintiff emphasizes Redshaw's criminal prosecution, three years after the events in this litigation, for stealing mail. While a conviction for a crime of dishonesty would ordinarily bear on credibility, no credibility issues are resolved in this Order.

Allen points out that another employee - a white male - was allowed to work penalty overtime on two occasions in March of 2004. There are several problems with her argument. First, the identity of this other employee should have been disclosed under Fed.R.Civ.P. 26(a), as discussed above; it was not. Hence, she cannot use evidence about him to prove her case.

Second, she has not produced any evidence to show that the two dates presented the same situation for the employer. In other words, was the projected work load the same? Were the two dates on the same day of the week? Were there other employees who could cover the hours at regular pay or at time and a half? Were the supervisors making the decisions the same in both instances? Allen has addressed none of these questions. Instead, she argues that a single employee was allowed to work penalty overtime in March but when it "was her turn" in May, she was denied the opportunity. The mere fact that working penalty overtime (or regular overtime for that matter) is rotated among willing employees does not mean that employees get to decide when overtime is available, nor does it come close to establishing any sort of discriminatory motive in assigning overtime hours.

Even if that were not true, however, there is a more fundamental flaw in Allen's case. It is the same flaw that was found in her last case: Linda Allen has failed to produce any evidence showing that her employer made an adverse employment decision, an element on which she bears the burden of proof. Bragg v. Navistar Int'l Transp. Corp., 164 F.3d 373, 376 (7th Cir. 1998)(discrimination); Stone v. City of Indianapolis, 281 F.3d 640 (7th Cir.2002)(retaliation).

In questions involving overtime, the Seventh Circuit has made it clear that denial of the opportunity to work overtime is only actionable when that pay is a "significant and recurring part of an employee's total earnings." Lewis v. City of Chicago, 496 F.3d 645, 653-54 (7th Cir. 2007).

See also, Henry v. Milwaukee County, 539 F.3d 573 (7th Cir. 2008)(where overtime pay for 3d shift work was a "significant and expected component" of compensation, dramatic reduction in the opportunity for women to work 3rd shift constituted an adverse employment action.). Compare, Hargrow v. Federal Express Corp., - F.3d -, 2009 WL 226039, January 30, 2009 (9th Cir.)("the denial of a overtime hours for one week during the employment period ... [does] not rise to the level of adverse employment action[]"); Crawford v. Carroll 529 F.3d 961, 970-71 (11th Cir. 2008)(failure to alleged that denial of overtime "had a material effect on the terms of conditions" of employment fatal to claim of discrimination).

The undisputed facts show that Plaintiff worked the most overtime hours of all fifteen employees on her Tour. Computerized records establish that from April 1, 2004, through June 30, 2004, Linda Allen worked 150.17 hours of regular overtime and 10.35 hours of penalty overtime. The employee closest to her had a total of 109.79 combined hours, with only .19 hours of that time being penalty overtime. These statistics negate any suggestion that there was the type of dramatic reduction in or systemic denial of overtime to Allen sufficient to show an adverse employment action. What was true in Allen's previous cases is true now. There was no cognizable adverse employment action. This dooms each of her discrimination and retaliation claims.

Allen also alleges a hostile work environment. A hostile work environment requires evidence that the environment of which she complained was objectively offensive. Cerros v. Steel Technologies, Inc., 288 F.3d 1040, 1045 (7th Cir.2002); Rogers v. City of Chicago, 320 F.3d 748,752 (7th Cir. 2003). A workplace is objectively offensive when "a reasonable person would find [it] hostile or abusive." Id. Not everything that makes an employee unhappy rises to that level. "The

workplace that is actionable is the one that is hellish." Baskerville v. Culligan Int'l Co., 50 F.3d 428 (7th Cir.1995).

The fact that Allen does not get overtime every time she wants it or thinks she is entitled to it does not a hellish workplace make. In fact, it falls so far short of what is required for such a claim that it borders on the ridiculous to even assert it.

Plaintiff makes other fact-based arguments that relate to her claim that the workplace was hostile. Those arguments, however, are wholly unsupported by any admissible evidence. Affidavits from herself and several co-workers contain information that should have been disclosed but was not. She cannot rely on those Affidavits.

She also filed a document entitled "Supplemental Discovery" in which she recites at least 44 incidents going back as far as 1991. Each of these deals with some aspect of overtime assignments. Even if I were to consider the specifics of those assertions (which I will not for the same reason stated above), and even if I were to consider her co-workers' affidavits (which I will not), the "supplemental discovery" would fail to show the type of hellish environment that is requisite for a hostile environment claim. As noted above, undisputed evidence submitted by Defendant reveals that Linda Allen regularly works more overtime than any other single employee on her Tour. So even if there are times when she is denied overtime despite being on the "Overtime Desired" list, or any of the other situations she has described, the fact that she routinely works overtime more than anyone else is a fact that demolishes any inference that she may be the victim of a hostile environment.

Whether the decision is one on the merits or instead is one based on Plaintiff's failure to comply with some of the most basic procedural rules that govern cases in federal court, Linda Allen's claims fail. The motion for summary judgment is granted.

## CONCLUSION

As stated herein, Defendant's motion for summary judgment [#9] is granted. The Clerk is directed to enter judgment in favor of the Defendant and against the Plaintiff. This case is closed.

ENTERED ON November 17, 2009

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE